## COX v. REESE.

1. Where on habeas corpus before a city-court judge the custody of a child was placed with a third person not a party to the action, by oral order without entry of formal written judgment, the judge who made that award was without jurisdiction of the person to make, during the following month, without notice, other and different disposition of the minor.

2. It was error for the judge of the superior court, on later hearing of habeas corpus, to sustain a plea of res adjudicata, and to hold that he was bound by the order of the city-court judge.

No. 2128.     NOVEMBER 12, 1920.

Habeas corpus.  Before Judge Walker.  Wilkes superior court. June 14, 1920.

*W. A. Slaton,* for plaintiff.  *Colley & Colley,* for defendant.

GEORGE, J.  Robert Cox brought a petition for habeas corpus against T. L. Reese, for the possession and custody of James Cox, the minor son of petitioner.  The petition was presented to the judge of the superior court of Wilkes county, and was by him heard on June 14, 1920.  The respondent filed a plea of res adjudicata.  In support of the plea it appeared that on March 27, 1920, Colley Cox brought a petition for habeas corpus against Robert Cox, for the custody of the minor, James Cox.  The petition was presented to the judge of the city court of Warrenton, and by him heard early in April, 1920.  Upon the hearing it appeared to the judge of the city court that neither the plaintiff nor the defendant was a proper person to have the custody of the minor, and that judge, by oral order, placed the minor in the custody of R. G. Harper, a citizen of the county.  The grandmother of the minor lived on the farm of Mr. Harper.  Thereafter, James Cox, the minor, ran away from the plantation of Mr. Harper, and the judge of the city court issued a rule against Robert Cox, requiring him to show cause before the court why he should not be found guilty of contempt in refusing to produce his minor son in court.  It does not appear that this rule was served upon Robert Cox.  The judge of the city court caused the sheriff to arrest the minor, and the minor was lodged in the county jail over night.  On May 22, 1920, the minor then being in the custody of the sheriff, the judge passed the following order:  "Upon a hearing of the within case on the date above set, and having heard evidence and argument of counsel and having reserved my

decision until this date, it is ordered that said minor, James Cox, be placed in the custody and control of T. L. Reese until he reaches the age of 21 years, or until the further order of the court; believing, after hearing all the evidence in said case, that this is to the best interest of said minor and is the best disposition that can be made of the same, looking to said minor's interest and welfare." So far as the record discloses, neither Colley Cox, the plaintiff, nor Robert Cox, the respondent, in the habeas-corpus proceeding, was notified that the judge of the city court would pass any order or make any disposition of the minor child, other than the disposition made by him on the hearing of the habeas-corpus case in April, 1920. Neither Colley Cox nor Robert Cox was present in person or by counsel on May 22, 1920, the date of the order awarding the custody and control of the minor to Mr. Reese, the respondent in the present case. Upon the hearing the judge of the superior court passed an order denying the writ, upon the ground, "that, the said T. L. Reese having been awarded the custody of the boy, James Cox, by virtue of the order of the judge of the city court of Warrenton, this court is bound by such order, and the plea of res adjudicata is sustained." To this judgment Robert Cox excepted, assigning error upon the admission in evidence of the order of May 22, 1920.

1. The judge of the city court of Warrenton, on the hearing of the habeas-corpus suit of Colley Cox against Robert Cox, having awarded the custody of the minor to a third person, though no formal written order to that effect was entered, was without jurisdiction of the person to make other and further disposition of the minor without notice; and the order of May 22, 1920, was not binding upon the plaintiff in error.

2. The judge of the superior court having erroneously adjudged that he was bound by the order of the judge of the city court of Warrenton, awarding the custody of the minor to the respondent, his judgment will be reversed, with direction that the case be heard and determined upon its merits.

*Judgment. reversed. All the Justices concur.*